FILED
United States Court of Appeals
Tenth Circuit

February 3, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RUSSELL M. BOLES,

     Petitioner - Appellant,

v.

JEFF LONG, S.C.F.; PHILLIP WEISER,
Attorney General of the State of Colorado,

     Respondents - Appellees.

No. 21-1238
(D.C. No. 1:20-CV-03204-WJM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MATHESON**, Circuit Judges.
_____

Russell Marshall Boles, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the district

court's denial of his application for habeas relief under 28 U.S.C. § 2254. We deny his

request for a COA and dismiss this matter.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Boles is pro se, we construe his filings liberally, but we do not act
as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

# I.  BACKGROUND

## A.  *State Court Proceedings*

Mr. Boles was charged with first-degree assault and failure to leave premises, in violation of Colorado law.  The Colorado Court of Appeals (CCA) summarized the facts as follows:

> Defendant and the victim both leased separate garage spaces on the same property.  Defendant also parked his RV there.  On the night of the incident, the victim went to check on an AC unit attached to the garage. Without warning, defendant came up behind the victim and shot him in the leg before retreating into his RV.
>
> When law enforcement arrived, defendant refused to leave the RV, resulting in a nearly five-hour standoff with police and SWAT.

R., Vol. 1 at 95.  During the standoff, Mr. Boles communicated with the police by phone and by text message.

Through a portion of his criminal proceedings, Mr. Boles was represented by a public defender and later by private counsel.  For the remainder of the proceedings, including during a suppression hearing and at trial, Mr. Boles represented himself.

Mr. Boles challenged the constitutionality of his arrest without a warrant and sought to suppress evidence discovered incident to his arrest.  After a hearing, the trial court held that he was not arrested until he left his RV and was taken into custody by the police, who had probable cause to make an arrest.  Alternatively, the trial court held that exigent circumstances existed to justify an arrest of Mr. Boles in his RV based upon his shooting of the victim several hours earlier, his retreat to his RV with his gun after the shooting, his refusal to come out, and his communication of suicidal thoughts to the police.

At trial, Mr. Boles's theory of defense was that he shot the victim in self-defense and in defense of his property. A jury convicted him on both counts, and the trial court sentenced him to 24 years in prison.

The CCA affirmed Mr. Boles's convictions. As relevant to his application for a COA, the CCA denied relief on five claims. First, Mr. Boles argued the trial court erred by denying his motion for the appointment of alternate defense counsel based on its finding there was no conflict of interest between Mr. Boles and his appointed public defender. The CCA did not reach the merits of this claim, holding that Mr. Boles failed to provide an adequate record to permit appellate review.

Second, Mr. Boles contended the trial court erred in refusing to give several jury instructions. The CCA concluded there was no error because his requested instructions were not relevant to the charged offenses or were adequately covered in the pattern jury instructions. Mr. Boles also challenged the wording of certain pattern instructions for the first time on appeal. Applying plain error review, the CCA held these instructions accurately tracked the statutory language and correctly stated the law.

Third, Mr. Boles argued the prosecution failed to disclose exculpatory evidence, including security camera footage, text messages, and the victim's alleged false testimony. The CCA rejected this claim. It noted that the prosecution investigated and attempted to preserve the evidence. As to the security camera footage, the CCA concluded:

> Specifically, at trial both owners of the property where the security cameras were placed testified that law enforcement officers reviewed the recordings immediately following the incident. The property owners stated that the

3

cameras were pointed away from the incident and that nothing was seen in the recordings. When law enforcement returned to obtain copies of the recordings following defendant's motion to preserve evidence, the recordings had been copied over in compliance with the owners' policies. Furthermore, defendant cross-examined the owners of the property.

*Id.* at 103. The CCA further held that Mr. Boles's contentions that the prosecutor was required to disclose deals and promises made to the victim and text messages between officers who responded to the incident were conclusory and unsupported by the record.

Fourth, Mr. Boles appealed the trial court's denial of his suppression motion and further argued that the statute underlying his conviction for failure to leave premises was unconstitutional under the Fourth Amendment. The CCA rejected these claims, expressly holding that the statute is not unconstitutional.[2]

Finally, having determined that no errors occurred, the CCA rejected Mr. Boles's assertion of cumulative error.

Following the CCA's affirmance, the Colorado Supreme Court denied review.

## B. *Federal District Court Proceedings*

Mr. Boles next filed this action challenging his convictions under § 2254, asserting five claims. The district court applied the standards for habeas relief in § 2254(d), which provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

---

[2] The CCA did not discuss the trial court's denial of Mr. Boles's suppression motion. But we presume that it decided that claim on the merits, and Mr. Boles does not contend otherwise. *See Johnson v. Williams*, 568 U.S. 289, 301 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  The court also presumed that the state courts' factual findings were correct and placed the burden on Mr. Boles to rebut that presumption by clear and convincing evidence.  *See id.* § 2254(e)(1).  And it considered whether any of Mr. Boles's claims were procedurally defaulted in state court and whether he had overcome the default.  *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998) (holding federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice").

In Claim 1, Mr. Boles alleged a violation of his Sixth Amendment right to counsel. Noting the CCA's rejection of this claim because Mr. Boles had not provided an adequate record, the district court found that he had failed to rebut the presumption that the CCA's factual determination regarding the record was correct.  It therefore held that Claim 1 was procedurally defaulted in the CCA.  The district court then held that the CCA had applied an independent and adequate state procedural rule in rejecting Mr. Boles's claim and that he failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default.  It therefore denied relief on Claim 1.[3]

---

[3] The district court further held, alternatively, that Claim 1 failed on the merits.

In <u>Claim 2</u>, Mr. Boles argued that certain jury instructions violated his right to due process because they prevented the jury from considering relevant evidence and relieved the prosecution of its burden of proving every element of the charged offenses beyond a reasonable doubt.  *See Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (stating that to show a due process violation a defendant must show "that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt").  The CCA had rejected Mr. Boles's jury-instruction claim on the merits, and the district court denied habeas relief because Mr. Boles failed to make the required showing under § 2254(d).

The district court held he had not demonstrated that the CCA's decision was based on an unreasonable determination of the facts in light of the evidence presented.  *See* § 2254(d)(2).  More specifically, it found that Mr. Boles had failed to overcome the presumption that the CCA correctly determined he had challenged certain jury instructions for the first time on appeal.  *See* § 2254(e)(1).  The district court also held that Mr. Boles did not identify a Supreme Court decision that would compel a result different from the CCA's adjudication of his jury-instruction claim.  *See* § 2254(d)(1).  In particular, *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), did not compel a different result because the CCA recognized it must consider the jury instructions as a whole.  Moreover, the district court held that Mr. Boles's speculation that the jury may have misapplied the instructions was insufficient to demonstrate a constitutional violation.  *See Waddington*, 555 U.S. at 191 ("[I]t is not enough that there is some slight *possibility* that the jury misapplied the instruction." (internal quotation marks omitted)).  Thus, the court held that

6

Mr. Boles had failed to demonstrate a reasonable likelihood that the jury applied any instructions in a way that relieved the prosecution of its burden of proving every element beyond a reasonable doubt. *See id*. at 190-91.  It therefore denied relief on Claim 2.

In Claim 3, Mr. Boles contended that the prosecution withheld exculpatory evidence, specifically security camera footage that was not recovered, text messages that were not preserved, and the victim's alleged false testimony.  The district court again denied habeas relief because he did not make the required showing under § 2254(d).  It found that Mr. Boles had not presented clear and convincing evidence to overcome the presumption that the CCA correctly determined there was no security camera footage of the incident.  *See* § 2254(e)(1).  The court also held that "he concede[d] there was testimony about the text message conversation and he certainly was aware of the content of the text messages he sent, and he fail[ed] to identify any perjured testimony." R., Vol. 1 at 283.  It ultimately determined that Mr. Boles did not demonstrate that the CCA's decision was based on an unreasonable determination of the facts, *see* § 2254(d)(2), or that its adjudication was contrary to or an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963), *see* § 2254(d)(1).[4]  Accordingly, the district court denied relief on Claim 3.

---

[4] The district court acknowledged Mr. Boles's contention "that the trial court improperly limited the evidence he could introduce and his cross-examination of the victim, which allegedly prevented him from presenting his theory of defense." R., Vol. 1 at 283.  But it held these arguments—asserting that Mr. Boles was prevented from disclosing evidence to the jury—failed to support his claim under *Brady* that the prosecution did not disclose exculpatory evidence to the defense.

In <u>Claim 4</u>, Mr. Boles contended that his Fourth Amendment rights were violated when he was arrested without a warrant and that the trial court should have suppressed the evidence obtained as a result of his illegal seizure. He specifically challenged the trial court's determination that he was not arrested before he exited his RV following the nearly five-hour standoff. The district court held this claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976), because Mr. Boles failed to show he did not have a full and fair opportunity to litigate his Fourth Amendment claim in the state court proceedings. The court noted that "Mr. Boles raised the Fourth Amendment claim in a motion to suppress, the trial court held a hearing on the motion to suppress, and he raised a claim on appeal challenging the warrantless arrest." R., Vol. 1 at 285.

The court further held that Mr. Boles did not demonstrate that the state courts failed to make a colorable application of the correct Fourth Amendment standards. It concluded that Mr. Boles's argument amounted instead to a substantive disagreement with the state courts' resolution of Claim 4, which was insufficient to overcome the bar to review in *Stone*. *See Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009) (noting question was not whether the state "misapplied Fourth Amendment doctrine" but "whether [the applicant] had a full and fair opportunity to present his Fourth Amendment claims in state court"). The district court therefore denied relief on Claim 4.

Finally, on <u>Claim 5</u>, the district court rejected Mr. Boles's cumulative-error argument because it did not find two or more constitutional errors warranting that analysis, and Mr. Boles failed to demonstrate that the CCA's rejection of that claim was contrary to or an unreasonable application of clearly established federal law.

8

The district court thus held that Mr. Boles was not entitled to relief on any of his claims and dismissed his habeas application under § 2254 with prejudice. The court also denied a COA.

## II. DISCUSSION

### A. *COA Standard*

Mr. Boles must obtain a COA for this court to review the district court's denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To receive a COA, the petitioner must make "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). More specifically, where the district court denied his claims on the merits, Mr. Boles "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But where the district court denied a claim on procedural grounds without reaching the underlying constitutional claim, Mr. Boles must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

### B. *Analysis of COA Application*

Mr. Boles is not entitled to a COA because reasonable jurists would not debate whether the district court correctly decided the issues he seeks to appeal.

1. **Claims Denied on Procedural Grounds**

The district court denied relief on Claims 1 and 4 on procedural grounds without reaching the merits.  Mr. Boles seeks a COA to appeal these rulings.

   a. *Claim 1 – Denial of Alternate Defense Counsel*

Mr. Boles argued in Claim 1, as he did in his direct appeal to the CCA, that the trial court erred by denying his motion for the appointment of alternate defense counsel based on its finding there was no conflict of interest between Mr. Boles and his appointed public defender.[5]  The district court held that Claim 1 was procedurally defaulted in the CCA and Mr. Boles did not overcome the default.  *See Jackson*, 143 F.3d at 1317.

Mr. Boles argues that Claim 1 cannot be procedurally defaulted, but the cases he cites are inapposite.[6]  He also contends that the district court erred by presuming the correctness of the CCA's factual finding that the record on appeal was inadequate.

---

[5] In his COA Application, Mr. Boles also makes assertions regarding the trial court's bias and interference.  In the district court, the State read similar assertions in Mr. Boles's habeas application as support for his claim that he was denied his right to counsel, not as a separate claim.  *See* R., Vol. 1 at 38 n.3 (noting such a separate claim would be procedurally defaulted because Mr. Boles did not raise it in his direct appeal).  Mr. Boles did not contest the State's characterization of Claim 1 in the district court, and the district court ruled only on his denial-of-counsel claim.  We understand and consider Claim 1 consistent with the district court's construction.

[6] Mr. Boles cites several Tenth Circuit cases holding that the failure to bring an ineffective-assistance-of-counsel claim on direct appeal does not result in a procedural bar.  *See, e.g.*, *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995).  But the district court held that the right-to-counsel claim he asserted in Claim 1 was procedurally defaulted not because Mr. Boles failed to raise it in his direct appeal but because the CCA applied a procedural rule in declining to decide the merits of that claim.

But that presumption is codified in § 2254(e)(1).[7]  Finally, Mr. Boles asserts, contrary to

the CCA's finding, that he did supply an adequate record on appeal, and he maintains that

the CCA did not read the entire record.  As the district court found, however, this

contention fails to show there is clear and convincing evidence to overcome the statutory

presumption in § 2254(e)(1).[8]  We deny a COA on Claim 1 because the district court's

procedural ruling on this claim is not debatable by reasonable jurists.

   b.  *Claim 4 – Denial of Motion to Suppress Evidence Based on Illegal Arrest*

In Claim 4, Mr. Boles challenged the trial court's denial of his motion to suppress

evidence seized as a result of his warrantless arrest.  The district held that its

consideration of the merits of this claim was barred by *Stone v. Powell*, in which the

Supreme Court held "that where the State has provided an opportunity for full and fair

litigation of a Fourth Amendment claim, the Constitution does not require that a state

prisoner be granted federal habeas corpus relief on the ground that evidence obtained in

an unconstitutional search or seizure was introduced at his trial," 428 U.S. at 481-82.

---

   [7] The case Mr. Boles cites addressed an entirely different presumption.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here . . . the last reasoned opinion on the claim [by a state court] explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").  In Mr. Boles's case, the *Ylst* presumption supports the district court's application of procedural default as to Claim 1 because the CCA imposed a procedural default and the Colorado Supreme Court denied review without comment.

   [8] Mr. Boles's remaining contentions regarding Claim 1 merit little discussion.  To the extent he addresses the requirements for an "independent" procedural rule, he fails to develop an argument why the rule applied by the CCA does not meet that standard.  And his arguments challenging the substance of the trial court's no-conflict-of-interest ruling and asserting the trial court's alleged bias and interference do not address the district court's procedural-bar holding or show that holding is debatable.

As he did in the district court, Mr. Boles contests the state courts' substantive rulings on this claim, rather than the district court's bases for applying the *Stone* bar. *See Matthews*, 577 F.3d at 1194. And the cases he cites do not demonstrate that the state courts failed to recognize and make at least a colorable application of correct Fourth Amendment constitutional standards. *See Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). We deny a COA because Mr. Boles fails to show that reasonable jurists would debate the district court's application of the *Stone* bar as to Claim 4.

2. **Claims Denied on the Merits**

The district court denied Claims 2, 3, and 5 on the merits. Mr. Boles seeks a COA to appeal those rulings.

a. *Claim 2 – Due Process Claim Regarding Jury Instructions*

In Claim 2, Mr. Boles asserted that certain jury instructions violated his right to due process because they relieved the prosecution of its burden of proving every element of the charged offenses beyond a reasonable doubt. *See Waddington*, 555 U.S. at 190-91. The CCA had rejected the relevant portion of his jury-instruction claim because the pattern instructions he challenged accurately tracked the statutory language and correctly stated the law. The district court held that Mr. Boles failed to demonstrate that the CCA's adjudication of this claim was either contrary to or an unreasonable application of clearly established Supreme Court law, or was based on an unreasonable determination of the facts. *See* § 2254(d). In particular, aside from speculation, Mr. Boles failed to demonstrate a reasonable likelihood that the jury applied any instruction in a way that

relieved the prosecution of its burden of proving every element beyond a reasonable doubt.

Mr. Boles argues that some of the pattern jury instructions did not correctly set forth state law.  But the CCA held otherwise, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Waddington*, 555 U.S. at 832 n.5 (internal quotation marks omitted).[9]  Although Mr. Boles cites numerous cases, he fails to show that the CCA's adjudication of this claim is contrary to or unreasonably applied any Supreme Court decision.  A few examples illustrate this point.

Mr. Boles relies on *Darden v. Wainwright*, 477 U.S. 168 (1986), in which the Supreme Court rejected a habeas claim asserting that the prosecutor's closing argument rendered a conviction fundamentally unfair, *see id.* at 178-79, 181.  But he does not explain how the CCA's adjudication of his jury-instruction claim is contrary to or an unreasonable application of this holding in *Darden*.  Citing *Francis v. Franklin*, 471 U.S. 307 (1985), Mr. Boles argues that due process prohibits the state from using evidentiary presumptions in a jury charge that relieve the state of the burden of persuasion beyond a

---

[9] We note that, contrary to Mr. Boles's assertions, the jury instruction on the elements of first-degree assault required a finding of specific intent.  *See* R., Vol. 2 (Court File) at 430 (listing elements of first-degree assault as including "intent . . . to cause serious bodily injury to another person").  And the self-defense instruction did indicate who had the burden of proof.  *See id.* at 434 (stating that the prosecution bore "the burden to prove, beyond a reasonable doubt, that the defendant's conduct was not legally authorized by [that] defense").

reasonable doubt, *see id.* at 313. But he fails to point to such an evidentiary presumption in the jury instructions given at his trial.

Mr. Boles also cites several Supreme Court cases for the proposition that the wording of the reasonable-doubt instruction given at his trial violated due process. But none of these cases held that an instruction the same as or even similar to the Colorado pattern reasonable-doubt instruction violated due process. And it was Mr. Boles's burden to show that the CCA's application of governing federal law was "not only erroneous, but objectively unreasonable." *Waddington*, 555 U.S. at 190 (internal quotation marks omitted).[10]

We deny a COA because Mr. Boles fails to show that reasonable jurists would find the district court's application of § 2254(d) as to Claim 2 debatable or wrong.

b. *Claim 3 – Brady Violation*

In Claim 3, Mr. Boles contended that the prosecution failed to disclose exculpatory evidence consisting of security camera footage, text messages, and the victim's allegedly false testimony. Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The knowing use of perjured testimony can also be categorized as a *Brady* violation. *See Douglas v. Workman*, 560 F.3d 1156, 1172

---

[10] Mr. Boles also contends the district court's decision rests on "misplaced harmless error analysis," COA Appl. at 16, but the district court's ruling on Claim 2 was not based upon a harmless-error analysis.

(10th Cir. 2009). The CCA rejected Mr. Boles's *Brady* claim on the merits. The district court denied relief on Claim 3, noting the lack of material security camera footage, the trial testimony about the text message conversation between Mr. Boles and the police, and Mr. Boles's failure to identify any perjured testimony. It held that Mr. Boles failed to demonstrate that the CCA's adjudication of this claim was either contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. *See* § 2254(d).

Mr. Boles continues to challenge the CCA's determination there was no security camera footage of the incident, but his contentions about other video cameras do not amount to clear and convincing evidence overcoming the presumption that the CCA's factual finding was correct. *See* § 2254(e)(1). Mr. Boles's assertion that the missing texts "would have co[rr]oborated or disputed" the prosecution's version of the text exchange, COA Appl. at 22, does not show that any material evidence was withheld. And he still does not identify any perjured testimony. We deny a COA because Mr. Boles fails to show that reasonable jurists would find the district court's application of § 2254(d) as to Claim 3 debatable or wrong.

c. *Claim 5 – Cumulative Error*

Mr. Boles asserted cumulative error in Claim 5. The CCA rejected this claim because it found no errors occurred. The district court denied relief because it did not find two or more constitutional errors and Mr. Boles failed to demonstrate that the CCA's rejection of Claim 5 was contrary to or an unreasonable application of clearly established

federal law.  We deny a COA because Mr. Boles fails to show that reasonable jurists would debate the district court's ruling on Claim 5.[11]

### III.  CONCLUSION

Mr. Boles has failed to show that reasonable jurists would find the district court's assessment of his § 2254 application debatable or wrong.  We therefore deny his application for a COA and dismiss this matter.

> Entered for the Court
>
> Scott M. Matheson, Jr.
> Circuit Judge

---

[11] Mr. Boles also seeks review of the district court's denial of his motion for expanded access to online legal research in the prison library.  He mailed this motion on March 8, 2021, shortly before the State responded to his habeas application on March 16.  The State opposed Mr. Boles's motion, asserting that the time allotted for use of the prison library was reasonable but stating it would not oppose a request by Mr. Boles for an extension of time to file his reply.  The district court denied Mr. Boles's motion and denied reconsideration, but on April 21 it granted his subsequent motion for an extension of time, giving him until May 21, 2021, to file his reply.  Mr. Boles mailed his reply on April 21, apparently before receiving the court's order granting his requested extension.  He did not thereafter seek leave to supplement his reply within the additional time allowed by the district court.

On these facts, Mr. Boles is not entitled to a COA on this issue because reasonable jurists would not debate the district court's procedural rulings in denying Mr. Boles's motion for expanded access to online legal research while granting his requested extension of time.  Further, even if a COA were not required, *see Harbison v. Bell*, 556 U.S. 180, 183 (2009), the foregoing discussion shows no error occurred.